**Morgan, Lewis & Bockius LLP**
(A Pennsylvania Limited Liability Partnership)
1701 Market Street
Philadelphia, PA 19103
215.963.5077/5268
sbouchard@morganlewis.com
shorowitz@morganlewis.com
SB(5199)/SH(8178)
Attorneys for Defendant Educational Commission for Medical Graduates

**ABDUL J. MALIK,**

Plaintiff,

v.

**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,**

Defendant.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, NEWARK VICINAGE**

Civil Action No. 04-CV-4360 (JAP/MCA)

**MEMORANDUM OF LAW OF DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT.**

**(ECF filing per Clerk's Office Quality Control Message dated October 1, 2004)**

September 28, 2004

Sarah E. Bouchard (SB-5199)
Sharri H. Horowitz (SH-8178)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5077/5268

Attorneys for Defendant
Educational Commission for Foreign
Medical Graduates

Return date: October 25, 2004

Table of Contents

Page

I. INTRODUCTION ..... 1

II. BRIEF STATEMENT OF RELEVANT FACTS ..... 2

III. ARGUMENT ..... 2

A. Plaintiff's ADA, Title III Claim For Monetary Damages Fails To State a Claim Upon Which Relief Can Be Granted. ..... 2

B. ADA's Two-Year Statute of Limitations Based On New Jersey State Law Bars Plaintiff's Complaint. ..... 4

IV. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

## CASES

Burkhart v. Widener Univ., Inc., 70 Fed. Appx. 52, 2003 U.S. App. LEXIS 9004 (3d Cir. April 21, 2003) ....4

Doe v. Nat'l Bd. of Med. Examiners, 199 F.3d 146 (3d Cir. 1999) ....3

Montells v. Haynes, 133 N.J. 282 (1993) ....4

P.N. & G.N. v. Greco, 282 F. Supp. 2d 221 (D.N.J. 2003) ....3

Soignier v. Am. Bd. of Plastic Surgery, 92 F.3d 547 (7th Cir. 1996) ....4

## STATUTES

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (1990) ....4

Americans with Disabilities Act of 1990, Subchapter III, 42 U.S.C. §§ 12181-12189 (1990) ....1, 2, 3

Fed. R. Civ. P. 12(b)(6)

N.J.S.A. 10:5-1 *et seq.* ....4

42 U.S.C. § 12188 ....3

42 U.S.C. § 12189 ....3

42 U.S.C. § 2000a-3(a) ....3

## REGULATION

28 C.F.R. § 36.501 ....4

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     INTRODUCTION

In 2002, Plaintiff registered to take a required standardized examination with ECFMG so he could become a licensed doctor in the United States. He submitted the required application and registration fee of $675.00. The 2002 exam was scheduled for December. In April 2002, Plaintiff decided he could not take the December 2002 exam. Accordingly, he lost his registration fee. This Motion is filed on behalf of ECFMG, which administers the exam so that foreign medical graduates may become licensed in the United States.

When Plaintiff decided in April 2002 that he could not take the exam scheduled in December 2002 that year, ECFMG told him that he would not receive a refund. Because he did not attend the exam and did not receive a refund, he filed the instant claim stating that ECFMG violated Title III of the Americans with Disabilities Act ("ADA") by not making a reasonable accommodation for his disability. (Compl. p. 2).

On July 12, 2004, Plaintiff sued ECFMG. In his Complaint, the "Statement of the Case" section, Plaintiff alleges that not providing him with an extension to take the test and not crediting his registration fee somehow violated the ADA, Title III. (Compl.). He further avers that ECFMG failed to make reasonable accommodations for him. (Compl.) The section entitled "Relief/Demand," purports to seek money damages for compensatory and punitive damages, totalling over $20 million dollars. (Compl.).

Although one might question the credibility of Plaintiff's claim that he truly expected to obtain a refund of his registration fee that is not the basis for this Motion. Rather, Plaintiff has

failed to state a claim upon which relief can be granted on two independent bases: (1) the monetary relief that Plaintiff seeks is not an available remedy within the meaning of ADA, subchapter III, 42 U.S.C. § 12181 – 12189 and (2) the statute of limitations bars his claim. Even if his claim were not otherwise deficient, Plaintiff's claim, therefore, should be dismissed.

## II. BRIEF STATEMENT OF RELEVANT FACTS[1]

At some point, Plaintiff moved to the United States from another country. (Compl. "Statement of the Case"). In his native country, he was a licensed physician. (Id.) To become a licensed physician in the United States, a foreign physician needs to take four standardized tests. (Id.) Plaintiff registered for the first test through ECFMG. (Id.) He planned to take the initial test in December 2002. (Id.).

Plaintiff alleges that he has a disability.[2] (Compl.). Because his medical condition became worse in April 2002, he sought an extension from ECFMG for the December 2002 test. (Id.) ECFMG told him that the Commission could only give one extension and if "the candidate does not take the exam, the candidate loses the registration fee." (Compl.). Plaintiff did not take the December 2002 exam. (Compl.). According to ECFMG's policies, he lost his registration fee. (Compl.). He now claims that ECFMG did not accommodate his disability. (Compl.).

## III. ARGUMENT

### A. Plaintiff's ADA, Title III Claim For Monetary Damages Fails To State a Claim Upon Which Relief Can Be Granted.

Plaintiff asserts a violation of the Americans with Disabilities Act ("ADA") under Title III for disability discrimination for failure to provide "necessary accommodations," (Compl.,

---

1 For purposes of this Motion only, Plaintiff's factual allegations are accepted as true.

2 Defendant does not concede that Plaintiff has a disability recognized by the ADA.

p.2), either because ECFMG did not give him an extension to take the exam or because they did not refund his registration fee. In any event, Plaintiff further seeks money damages to which he has no entitlement either under the statute or the regulations.

Third Circuit precedent provides the framework against which the Court must address this claim. As a threshold matter, the ADA, Subchapter III (or Title III), Section 309, or 42 U.S.C. § 12189, applies to ECFMG:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189; see Doe v. Nat'l Bd. of Med. Examiners, 199 F.3d 146, 149 (3d Cir. 1999) (holding that Section 309 applies to examinations). Accordingly, Plaintiff has correctly applied the ADA, subchapter III to ECFMG.

Plaintiff's argument fails because he seeks a remedy not contemplated by this subchapter. Under the "Enforcement" section of Subchapter III, Plaintiff is only entitled to "[t]he remedies and procedures set forth in section 2000a-3(a) of this title." 42 U.S.C. § 12188(a)(1). A review of 42 U.S.C. § 2000a-3(a) reveals that ". . . a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved . . . ." Injunctive relief is the only remedy available to Plaintiff in his private right of action. See P.N. & G.N. v. Greco, 282 F. Supp. 2d 221, 248 n.12 (D.N.J. 2003) ("[b]ecause only injunctive relief is available under the remedies provisions of Title III of the ADA . . . Plaintiffs may not obtain a damages award against [Defendant] on the basis of their

ADA claim"); see also 28 C.F.R. § 36.501. Thus, Plaintiff's Complaint seeking $100,000 in compensatory damages and $20 million in punitive damages must be dismissed.

**B. ADA's Two-Year Statute of Limitations Based On New Jersey State Law Bars Plaintiff's Complaint.**

The ADA does not provide an express statute of limitations applicable to private causes of action. See Soignier v. Am. Bd. of Plastic Surgery, 92 F.3d 547, 550 (7th Cir. 1996). Due to this fact, the Third Circuit has used the applicable state statute of limitations. See Burkhart v. Widener Univ., Inc., 70 Fed. Appx. 52, 53 (3d Cir. 2003), 2003 U.S. App. LEXIS 9004, *3 (3d Cir. April 21, 2003) (unpublished) (applying Pennsylvania's two-year statute of limitations for personal injury and PHRA claims to ADA claims); Soignier, 92 F.3d at 550. In New Jersey, the two-year statute of limitations for personal injury claims applies to all claims under the Law Against Discrimination ("LAD"). See Montells v. Haynes, 133 N.J. 282 (1993). Based on Third Circuit reasoning, a two-year limitations period would apply to the ADA in New Jersey.

Here, Plaintiff claims that his medical condition worsened in April 2002. (Compl., p. 2). At that time, he contacted ECFMG "to let [him] extend [his] date to take the test." (Id.). He states that he was further informed that "a candidate can only get one extension once and if he or she does not take the test, he or she will lose the registration fee []." (Id.). Plaintiff's cause of action accrued in April 2002 when he knew that ECFMG would not make an accommodation to him by either granting him an extension of time or not refunding his registration fee. Plaintiff filed his Complaint on July 12, 2004, more than two years after April 2002. In short, Plaintiff's disability discrimination claim should be dismissed as time-barred.

## IV. CONCLUSION

As the foregoing reveals, the Court has two alternative, but independent, reasons to dismiss Plaintiff's Complaint: (1) because Plaintiff is not entitled to money damages and (2) because he has not filed his claim within the applicable statute of limitations. This claim fails on its face on either legal ground set forth above. Plaintiff's ADA claim should be dismissed with prejudice.

                                                     Respectfully submitted,

Dated: September 28, 2004

/s Sharri H. Horowitz
Sarah E. Bouchard
Sharri H. Horowitz
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5077/5268

Attorneys for Defendant
ECFMG