## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

ABDUL J. MALIK

       Plaintiff,

Vs.

EDUCATIONAL COMMISION FOR
FOREIGN MEDICAL GRADUATES

       Defendant.

Civil Action No. 04-4360
(JAP/MCA)

**OPPOSITION TO MOTION TO
DISMISS PLAINTIFFS' CLAIM**

## REBUTTAL TO THE MOTION TO
## DISMISS PLAINTIFF'S COMPLAINT.

Defendant Educational Commission For Foreign Medical Graduates has
submitted some references in support of its Motion to Dismiss plaintiffs' claim
against the defendant ECFMG.

Plaintiff responds as follows,

## INTRODUCTION,

**I am a Disabled American**. I have undergone more than a Dozen Major and Minor surgical procedures in the past ten years including Fusion at Cervical spine and Fusion at Lumber spine. I have been under treatment for other Medical conditions too. Due to all the Medical conditions/problems I have been declared as permanently Disabled. See exhibit A.

In spite of my Disability its' my desire to become a licensed physician in the US.

In August 2002, I registered to take standard test for Medical licensing called USMLE.

**On August 22nd 2002**, I received confirmation of my registration along with some instructions. Refer to Exhibit B.

The exame was scheduled for December 2002.

**In early September 2002,** I started having severe Headache, not responding to routine medications and fatigue. After necessary diagnostic tests it was found that my Triglycerides are almost five times the normal value, increasing Blood viscosity and decreasing Blood flow to brain, resulting in severe Headache and fatigue.

**On December 7, 2002**. I submitted a request for extension until June 2003. In the request letter, I also mentioned briefly my medical conditions and submitted Medical report from my attending physician. See exhibit C.

**On January 3rd, 2003**. I sent another request for extension for June 2003. I also personally spoke to Mr. Kelly and initially, I told him I don't want money back, I simply want a credit that can be applied for future tests.

**On January 23rd, 2003.** Mr. Kelly sent me a letter mentioning a partial credit of $ 240.00. Exhibit D.

**On May 4, 2003.** A letter along with medical report sent to ECFMG. See Exh E.

**On May 7, 2003** I received a letter from ECFMG, mentioning that as per USMLE policy I am not entitled for any credit. Exhibit F.

**On June 10, 2003.** I sent a letter to William Kelly, asking for reasonable credit instead of $ 240.00. I the same letter I also mentioned that I did submit medical report from attending physician. Exhibit G.

**On June 11, 2003**. I received a letter from ECFMG stating again that as per USMLE policy my request for a credit has been **denied.** Exhibit H.

Reviewing all these facts it becomes very much clear that the Defendant, ECFMG only talked about its rules and had absolutly no concern about the Laws of the land. Whereas these laws are meant to protect the rights of American Citizens, in this case Disabled Americans.

## BRIEF STATEMENT OF RELEVANT FACTS.

1- As a matter of fact I registered in August 2002, not in April 2002 as claimed by the Defense counsel.

2- ECFMG's Rules and regulations can't be above US Laws.

3- As a Disabled American my rights under ADA, Title 111 have been violated.

4- ECFMG knowingly failed to follow the law and insisted on its' own Rules.

5- ADA, Title 111 doesn't purports to seek money damages. See exhibit H section.36.504 Relief.

6- Plaintiffs correspondence with the ECFMG proves clearly his motives in this matter.

7- Plaintiffs' claim is **Genuine** and strictly under the guidance and Rules of Law.

**8-** Statue of limitation does not apply, as court can make its own decision, whereas the matter of fact is that Defense Counsel is misleading the court by mentioning April, 2002 instead of August,2002 as a start of statue of limitation.

**9-** Plaintiff has a Disability as recognized by the ADA. See exhibit I.

<u>**ARGUMENT,**</u>

**A.**      ADA, Title 111 is the basis of Plaintiffs' claim.

Plaintiffs' claim is simply and totally based upon the fact that my rights as a Disabled American, under ADA Title 111 have been violated. The damages claimed in the claim are not barred by the law.

The claim falls strictly with in statue of limitation as described by the Defense Counsel, two years, although court can make its own Ruling about this.

Defense Counsel has accepted my position that I have correctly applied ADA, Title 111 to ECFMG.

<u>**The Injunctive relief is one remedy, but is not the only remedy.**</u>

Under Sec.36.504 Relief,

(a) Authority of Court. In a civil action under section.36.503, the court,

(1) May grant any equitable relief that such court considers to be appropriate, including, to the extent required by the Act or its part.

(2) Granting temporary, preliminary, or permanent relief;

(3) Providing an auxiliary aid or service, modification of policy, practice, or procedure, or alternative methods: and

(2) **May award other relief as the court considers to be appropriate, including monetary damages to the person aggrieved. Exhibit H.**

So based upon the above references, under ADA Rules plaintiff is entitled for relief for damages and the Defense Counsel's claim is not correct.

## B. ADA'S TWO YEARS STATUE OF LIMITATIONS;

1--ADA doesn't have fixed statue of limitation.

2-Court can decide its own statue.

Defense Counsel is knowingly falsifying the facts and misleading the court by mentioning the April 2002, whereas plaintiffs' application was registered in August 2002 with ECFMG.

**Registered in August 2002, claim filed in July 2004**. So even if Defense Counsel's claim for statue of limitation for two years is accepted, even them my complaint falls strictly within the statue of limitation.

## C. DEFENSE COUNSEL'S TRICKS ;

1-Defense Counsel is desperately trying to get relief for her client, ignoring All the facts of the case. The attitude of the ECFMG Cleary was arrogant And Defiant. The Defendants were not willing to follow the law, rather Always referred to their own rules.

**2-**Defense Counsel initially tried to get away with it by asking for the Dismissal of the claim without even submitting the answers.

3- And now the Defense Counsel is seeking for the Dismissal again by filing A motion.

4- Defense Counsel's frustration is visible when she is not giving proper references.

## CONCLUSION;

Based on the fact mentioned above and the references given, it becomes very clear that plaintiff's complaint/claim is filed strictly following the Rules and Guidelines of ADA, Title 111.

1-Under the Rules, sec.36.504 relief. Plaintiff is entitled for the monetary damages.

    2-The claim was filed within the statue of limitation.

    3-The plaintiffs' complaint/claim has strong legal ground.

    4-The Defendant has no Genuine basis for it Motion for Dismissal.

    5-The Defendant's Motion is based on fictions not facts.

    6-A strong message needs be sent to the Defendant, that its' Rules can't be above the laws of the land and violating the Laws carries big price tag.

Based on the above facts, its thereby requested from this court that the **Defendant's Motion for Dismissal my claim should be Denied.**

So, that the Defendant ECFMG should keep in mind that its;

## **Rules can't be above the Laws of the state.**

By Denying the Motion for Dismissal, court will not only be upholding the Law, it will also be helping the future applicants like the plaintiff, who will not have to face what the plaintiff went through.

Respectfully submitted,

*Abdul J. Malik*

ABDUL J. MALIK

## **Certification of service.**

I the undersigned certify that on October 06, 2004, I caused one copy of the Rebuttal to the Defense Counsel's Motion to Dismiss plaintiff's claim/complaint along with Exhibits A-I, in support of plaintiff's Rebuttal, to be served on the following counsel by United States first class mail.

Sharri H. Horowitz

1701 Market street

Philadelphia, PA 19103

ABDUL J. MALIK

Pro se plaintiff

Metropolitan Life Insurance Company
PO Box 14590, Lexington, KY 40511
Telephone 800 635-6707

# MetLife®

**Met DisAbility**

November 6, 2003

Abdul Malik
99 Manning Avenue
Jersey City, NK 07304

RE:   Managed Disability Services
      Claim#:   880206108618
      Employer:   Abdul Malik

To Whom it May Concern:

This letter will serve as verification that Abdul Malik is receiving Long Term Disability benefits from MetLife Disability Insurance Company.  Mr. Malik receives a gross benefit of $1199.87.

Mr. Malik can continue to receive Long Term Disability benefits until 11/5/23, as long as he continues to remain disabled as defined in the plan, and satisfies other plan requirements/provisions.

This verification of income is not to be considered a guarantee of future benefits.

Sincerely,

Kara Harkness
LTD Case Manager

EXHIBIT  A



# EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 • FAX: 215-386-6327 • INTERNET: www.ecfmg.org

**USMLE™ / ECFMG® Identification Number: 0-449-043-9**
Use this number on all correspondence

## REGISTRATION NOTICE

August 22, 2002

Dr. Abdul Jabbar Malik
439 Mercer Street Unit 1
Jersey City, NJ 07302

*EXH. B*

Dear Dr. Malik:

We have received your recent application for USMLE Step 1, and you have been registered for the October 1, 2002 to December 31, 2002 eligibility period in the United States and Canada testing region. (For information on the possibility of extending your eligibility period, see detailed information below.) Please note that the eligibility period assigned to you for this exam may be different from the one you selected on your application for one of the following reasons:

- If your application was received on or after the beginning of the eligibility period you selected, you have been assigned to the next eligibility period.
- Current USMLE policy states that you may not retake a Step within 60 days of your last attempt on the same Step. Additionally, you may not take the same Step more than 3 times in any 12-month period. If you have already taken this exam and the eligibility period you selected on your application does not comply with these requirements, you have been assigned to the first eligibility period that does meet these requirements.

In the near future, the National Board of Medical Examiners® (NBME®) will mail under separate cover your orange scheduling permit, which contains information on contacting Prometric to schedule a testing appointment at a Prometric, Inc.® test center in your testing region. (If your assigned eligibility period begins more than six months from now, your scheduling permit will be mailed approximately six months before the beginning of your assigned eligibility period.) **Although your scheduling permit will be mailed by NBME, you should contact ECFMG if you have questions or concerns about this document. Your scheduling permit is a very important document, and you should be careful not to lose it. You cannot schedule your testing appointment or take the exam without it. As soon as you receive your scheduling permit, you should check that your name as it appears on the permit is spelled correctly. If you lose your scheduling permit or the name on your scheduling permit is not correct, you must contact ECFMG immediate** 

# ABDUL J. MALIK

439-Mercer Street #1
Jersey City NJ 07302
Ph ; 201-333-7441
Malikrosepetal3@aol.com

December 7, 2002                                EXH. C

ECFMG,
3624-Market street
Philadelphia, PA 19104

Ref ;     Request for Extension of Eligibility Period,
          USMLE ID # 0-449-043-9
          Request ID Code, 7-338-242-145

Dear Madam/Sir,

In reference to the above request, I am submitting  completed form
183-E.
Since it's the policy of ECFMG that an applicant can only submit
one request for Extension and Extension should be for contiguous
eligibility period, I am requesting a relaxation of the rules due to
the following reasons,

1- I am a Disabled American, I have multiple Spinal Fusions
   done at Cervical and Lumbosacral spine, Due to which I have
   permanent Disability.
2- Over the past 4-5 months I had serious Medical problems, for
   which I am under treatment.
3- I made a mistake by submitting my application before I was
   ready.
4- Since I can request for Extension only once, I would like my
   eligibility period be extended to April-June 2003, since the
   cold weather gives me more trouble and I may not be fully
   prepared by March 2003.

(2)

Supporting documents and proof of Disability( Medical reports)
Are being submitted with this request.
I hope my request will be honored .
Thank you.

Very truly yours,

ABDUL J. MALIK



# EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● FAX: 215-386-9767 ● INTERNET: www.ecfmg.org

January 23, 2003

*EXH·D*

Dr. Abdul Jabbar Malik
439 Mercer St., Unit 1
Jersey City, NJ 07302

Re: USMLE™/ECFMG® Identification No. 0-449-043-9

Dear Dr. Malik:

This will acknowledge receipt of your January 11, 2003 email concerning your request to extend your USMLE Step 1 eligibility period.

As is detailed in the ECFMG *Information Booklet*, ECFMG policy permits applicants to request an extension of their USMLE Step 1 and/or Step 2 eligibility periods. The extension is, however, only to the next, contiguous three-month eligibility period. Additionally, an applicant may request an extension of the USMLE Step 1 and/or Step 2 eligibility period only once for each examination registration. Detailed information on eligibility and instructions on how to apply are available on the ECFMG web site www.ecfmg.org.

On October 1, 2002, you submitted an on-line request to extend your October 1, 2002 – December 31, 2002 USMLE Step 1 eligibility period to January 1, 2003 – March 31, 2003. ECFMG received the completed Certification Statement for this request on December 12, 2002 and notified you on December 13, 2002 that your eligibility period had been extended to January 1, 2003 – March 31, 2003. An addendum to your scheduling permit was sent to you on December 27, 2002.

ECFMG policy concerning the USMLE Step 1 and Step 2, as stated in the ECFMG *Information Booklet*, is, "Once registered, you cannot cancel or postpone your registration. If you do not schedule and take the exam, you will not receive a credit or refund of your exam fee(s) toward a future exam, and you will be required to reapply, including payment of all applicable fees, to take the exam."

However, if there are special medical circumstances in your case that arose after you submitted your application, ECFMG will *consider* giving you a partial credit of your exam fee that can be applied toward the charge for a future examination. You must submit a letter from your treating physician that provides a diagnosis of the medical circumstances, including the course of treatment, with appropriate dates. After the conclusion of your eligibility period, we will ascertain whether you took the examination. If you did not take the examination, we will advise you in writing whether you are eligible for a partial credit of the charge for the examination. If you are determined to be eligible for a credit, the amount of the credit will not exceed $240.00.

Sincerely,

William C. Kelly
Manager, Medical Education
Credentials Department

/wck

*ECFMG® is an organization committed to promoting excellence in international medical education.*

# ABDUL  J. MALIK

99-Manning Avenue
Jersey City NJ 07304
Malikrosepetal3@aol.com

May 4, 2003

$E \times H. \ E$

William C. Kelly
Manager, Medical Education
ECFMG.

REF ; USMLE/ECFMG  ID # 0-449-043-9

Dear Mr. Kelly,

Thank you for your letter dated January 11 2003.Enclosed please find a Medical report from my attending Physician.

I didn't take the test. I will submit new application at a later time. As for as partial credit of $ 240.00 , as mentioned in your letter is not enough. Normally 15%-25%  deduction is considered to be fair and appropriate, whereas 70% does not seem right. Certianly ECFMG is not going to be affected by giving me total credit, but it does mean a lot to a Disabled individual with limited benefits. I hope I will be given full credit.
Thank you,

Very truly yours,

Abdul J. Malik

**JOVEN P. DUNGO M.D.**
**Internal Medicine and Cardiovascular Diseases**
**205 9th Street Jersey City, New Jersey 07302**
**Tel. (201) 653-1144**
**Fax (201) 653-6104**

April 23, 2003

Re: Medical Certificate
    Malik, Abdul

To whom it may concern:
    This is to certify that Mr. Abdul J. Malik is under my care since 1992. He had fusion done on cervical spine (C5-6) and Lumbar spine (L 4-5) along with numerous minor surgical procedures due to which he is disabled. He has cervical and lumbar radioculopathy and chronic pain syndrome. He is also being treated for Post Traumatic Stress Disorder and Depression.
    In August 2002, he complained of severe headache not responding to routine medications. After CT scan and blood test he was diagnosed with Hyperlipidemia ( Triglyceride – 700) and Hypertension.
    He is Lipitor, Avapro, Tricor, Paxil, Levoxyl and pain medication as needed. His triglycerides are still above the normal as shown by the most recent blood test.
    Please feel free to call if you have any questions regarding her health.

Sincerely,

Joven P. Dungo, MD



EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 • FAX: 215-386-6327 • INTERNET: www.ecfmg.org

**USMLE™ / ECFMG® Identification Number: 0-449-043-9**
Use this number on all correspondence.

May 7, 2003

Abdul Jabbar Malik
439 Mercer Street Unit 1
Jersey City, NJ 07302

Dear Doctor:

According to our records, you failed to appear and take Step 1 of the United States Medical Licensing Examination (USMLE) during the October 2002 through December 2002 eligibility period.

In keeping with ECFMG policy, outlined in our *Information Booklet*, you are not entitled to any credit or refund for any portion of the charge for this examination.

The ECFMG web site (http://www.ecfmg.org) also contains information on requirements and registration for Step 1 and Step 2.

James A. Hallock, M.D.
President

EXH. F

# ABDUL J. MALIK

99-Manning Avenue
Jersey City NJ 07304
Ph; 201-333-7441
Malikrosepetal3@aol.com

June 10, 2003

William C. Kelly
Manager, Medical Education
Credentials Department
ECFMG.

Ref; USMLE/ECFMG Identification No, 0-449-043-9

Dear Mr. Kelly,

In reference to the above and your letter dated January 23,2003
where you mentioned a partial credit of $ 240.00 for not being able
to take the test due to my Medical condition and asked for Medical
certificate from the attending Physician.

I sent you a letter on May 4, 2003, where I requested for a
reasonable credit instead of $ 240.00. I also enclosed a statement
from my attending Physician. For your reference I am enclosing
those copies again, as I haven't received any response from you.

I will submit a new application soon, but I would like you to please
reconsider for the amount of credit and let me know.
Thank you.

Very truly yours,

Abdul J. Malik

*Abdul J. Malik [signature]*

*EtH. G [handwritten]*



# EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-823-2293 ● FAX: 215-386-3185 ● www.ecfmg.org

---

USMLE/ECFMG IDENTIFICATION
NUMBER: **0-449-043-9**
(Please use on all correspondence)

June 11, 2003

Dr. Abdul J. Malik
99 Manning Ave.
Jersey City NJ 07304

Dear Doctor:

I am writing in response to your recent letter in which you requested a credit of fees paid for Step 1 of the United States Medical Licensing Examination™ (USMLE™).

A copy of the ECFMG® 2003 *Information Booklet* was mailed to you along with the application form for Step 1 and Step 2 of the USMLE. A copy of the *Information Booklet* is also available at the ECFMG website at www.ecfmg.org. Applicants who are unable to take the exam during the three-month eligibility period assigned may request an extension, see pages 15 and 16. You may request an eligibility period extension by submitting a completed form 176 with the applicable fee. However, applicants may not change their assigned testing region as indicated on page 16 of the booklet. Applicants who do not take the examination during the assigned eligibility period and within the assigned testing region will forfeit all fees and be required to submit a new application and fee(s) in order to register for future examination(s).

The documentation submitted in support of your recent request has been reviewed. In keeping with USMLE policy, your request for a credit of fees paid has been denied.

If you have any further questions, please contact our offices at the address or telephone number listed above.

Sincerely,

*ExH. H*

Finance Department
Fee Processing

lh

*ECFMG® is an organization committed to promoting excellence in international medical education.*

**DEPARTMENT OF
HEALTH AND HUMAN SERVICES**
Social Security Administration
**OFFICE OF HEARINGS AND APPEALS**

**ORDER OF ADMINISTRATIVE LAW JUDGE**

**IN THE CASE OF**                    **CLAIM FOR**

Abdul Malik                         Supplemental Security Income
(Claimant)

                                    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
(Wage Earner)                       (Social Security Number)

I approve the fee agreement between the claimant and his
representative subject to the condition that the claim results in
past-due benefits.

My determination is limited to whether the fee agreement meets the
statutory conditions for approval and is not otherwise excepted.
I neither approve nor disapprove any other aspect of the fee
agreement.

JOYCE KRUTICK BARLOW
U.S. Administrative Law Judge

APR 2 2 1994

Date

EXH. 1

NOTE TO PROCESSING CENTER
FURTHER ACTION NECESSARY


DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Social Security Administration
OFFICE OF HEARINGS AND APPEALS


DECISION


IN THE CASE OF                    CLAIM FOR


Abdul Malik                       Supplemental Security Income
(Claimant)


                                  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
(Wage Earner)                     (Social Security Number)


EVALUATION OF THE EVIDENCE

The claimant submitted an application for supplemental security income disability payments on October 7, 1992, alleging disability due to herniations of the cervical and lumbosacral spine which required surgery (Exhibits 1, 6).  His claim for benefits was denied at both initial and reconsideration levels and is presently me upon the filing of a timely hearing request.  The specific issues are whether the claimant is under a "disability" and, if so, when such disability commenced and the duration thereof.

After the considering the record, I conclude that there is sufficient evidence to render and on record favorable decision with holding an oral hearing.  The record establishes that the claimant is suffering from severe musculoskeletal pain syndrome which renders him incapable of performing his past work as a phlebotomist (blood work technician) or any other work activity which exists in significant numbers in the national economy and that such has been his circumstance since at least October 7, 1992, his application date.

abdul Malik
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

2

The record establishes that the claimant suffers from failed back syndrome despite surgical interventions. In particular, diagnostic testing, after the claimant fell in May 1992, revealed disc herniation at the C5-C6 level of the cervical spine and disc herniation at the L4-L5 level on the right side of the lumbar spine. In August 1992, he underwent cervical discectomy at the C5-C6 level and in January 1993, he underwent lumbar laminectomy at the L4-L5 level (Exhibits 10, 11). While these operative procedures were considered successful, the claimant continues to complain of cervical and lumbosacral pain and the results of electromyographic studies performed in July 1993 showed left cervical and lumbar radiculopathies (Exhibit 14). Additionally, the results of a lumbosacral CAT scan performed in June 1993, after the laminectomy was performed in January 1993, continued to show disc herniation at the L4-L5 level (Exhibit 12).

While the evidence fails to show that his musculoskeletal impairments meet or equal the level of severity contemplated in Section 1.05C of Appendix 1, to Subpart P of the Regulations No. 4, his complaints of pain are credible. His treating neurologist, Dr. Prasad, has observed that the claimant continues to be very uncomfortable and in distress due to pain. He examined the claimant in November 1993, and despite undergoing physical therapy, he continues with intense pain with limited ability to sit, stand and lift, and Dr. Prasad indicated that prognosis is poor and opined that the claimant is totally and permanently disabled and unable to perform any task or job requiring physical activity (Exhibit 18).

It is clear to me that the claimant continues to suffer from substantial cervical and back pathology which is producing the degree of overwhelming pain he has alleged, and that this persistent pain so reduces his ability to sit, stand, or walk that he could not reasonably be expected to meet the exertional demands of any work, even at a sedentary exertional level, on a sustained basis. A finding of disabled within the framework of the medical-vocational guidelines of Appendix 2 to Subpart P of the Regulations No. 4, is appropriate.

## FINDINGS

After careful consideration of the entire record, I make the following findings:

abdul Malik
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

3

1.    The claimant has not engaged in substantial gainful activity since October 7, 1992.

2.    The medical evidence establishes that the claimant is status post cervical and lumbosacral surgery due to herniated discs with continued pain syndrome, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

3.    The claimant's subjective complaints are credible.

4.    The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for prolonged sitting, standing or walking; lifting or carrying more than 10 pounds; or more than occasional bending or stooping (20 CFR 416.945).

5.    The claimant is unable to perform his past relevant work as a phlebotomist (blood work technician).

6.    The claimant's residual functional capacity for the full range of sedentary work is reduced by his inability to sit for more than brief periods due to pain.

7.    The claimant is 35 years old, which is defined as a younger individual (20 CFR 416.963).

8.    The claimant completed medical school in his native Pakistan (20 CFR 416.964).

9.    The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work activities of other work (20 CFR 416.968).

10.   Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, section 416.969 of Regulations No. 16 and Rule 201.28, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled".

11.   Considering the claimant's additional nonexertional limitations within the framework of the above-cited rule, he cannot be expected to make a vocational adjustment to work which exists in significant numbers in the national economy.

abdul Malik
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

4

12. The claimant has been under a "disability," as defined in the Social Security Act, since October 7, 1992 (20 CFR 416.920(f)).

### DECISION

It is my decision that, as of the date of the application filed on October 7, 1992, the claimant was "disabled" under section 1614(a)(3)(A) of the Social Security Act, and that the claimant's disability has continued at least through the date of this decision.

The component of the Social Security Administration responsible for authorizing supplemental security income payments will advise the claimant regarding the nondisability requirements for these payments, and if eligible, the amount and month(s) for which payment will be made.

JOYCE KRUTICK BARLOW
U.S. Administrative Law Judge

APR 2 2 1994

Date