**Morgan, Lewis & Bockius LLP**
(A Pennsylvania Limited Liability Partnership)
1701 Market Street
Philadelphia, PA 19103
215.963.5077/5268
sbouchard@morganlewis.com
shorowitz@morganlewis.com
SB(5199)/SH(8178)
Attorneys for Defendant Educational Commission for Medical Graduates

| | |
|---|---|
| ABDUL J. MALIK,<br><br>      Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>      Defendant. | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, NEWARK VICINAGE<br><br>Civil Action No. 04-CV-4360 (JAP/MCA)<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT.**<br><br>(via Electronic Case Filing) |

October 25, 2004

Sarah E. Bouchard (SB-5199)
Sharri H. Horowitz (SH-8178)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5077/5268

Attorneys for Defendant
Educational Commission for Foreign
Medical Graduates

Return date: November 8, 2004

1-PH/2106586.

## I. **ARGUMENT**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") submits this Reply Memorandum of Law to Plaintiff's Opposition to its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff incorrectly relies upon, and has misquoted, the Code of Federal Regulations ("CFR") in an effort to maintain his claim under the Americans with Disabilities Act ("ADA"). As a result, his claim still fails to state a claim upon which relief can be granted.[1]

In particular, Plaintiff's statement that "the Injunctive relief is one remedy, but is not the only remedy," (Pl. Opp. at 4) (emphasis deleted) misguides the court. The first cited regulation, 28 C.F.R. § 36.504, entitled "Relief" refers, in the text, to another regulation not applicable here:

> **§ 36.504 Relief.**
>
> (a) *Authority of court.* In a civil action **under § 36.503**, the court -- . . .
>
> (2) May award other relief as the court considers to be appropriate, including monetary damages to persons aggrieved **when requested by the Attorney General**; and . . . (emphasis added).

Thus, § 36.504(a)(2) only grants authority to a court to order money damages if a lawsuit has been requested by the Attorney General or brought pursuant to § 36.503. Section 36.503 reads:

> **§ 36.503 Suit by the Attorney General.**
>
> Following a compliance review or investigation under § 36.502, or at any other time in his or her discretion, the Attorney General may commence a civil action in any appropriate United

---

[1] Defendant still believes that Plaintiff's Complaint is untimely because the ADA's two-year statute of limitations bars Plaintiff's Complaint. (See Def. Br. at 4). Defendant, however, has chosen not to further address that argument here.

States district court if the Attorney General has reasonable cause to believe that –

(a) Any person or group of persons is engaged in a pattern or practice of discrimination in violation the Act or this part; or

(b) Any person or group of persons has been discriminated against in violation of the Act or this part and the discrimination raises an issue of general public importance.

In contrast, this lawsuit is a private right of action brought by the Plaintiff, not by the Attorney General. Accordingly, 28 C.F.R. § 36.504 does not apply to Plaintiff's claim. Plaintiff has no entitlement to money damages and this Court should dismiss it.

## CONCLUSION

For the reasons stated above and in its initial Memorandum of Law in Support of Defendant's Motion to Dismiss, the Court has ample reason to dismiss Plaintiff's Complaint. This claim fails on its face on the legal grounds set forth above and in the initial Memorandum of Law. Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

Dated: October 25, 2004

/s Sharri H. Horowitz
_____
Sarah E. Bouchard
Sharri H. Horowitz
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5077/5268

Attorneys for Defendant
ECFMG