**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

November 18, 2004

**LETTER ORDER**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:   Abdul J. Malik v. Educational Commission For Foreign Medical Graduates,
      04-4360 (JAP)

Dear Parties:

Before this Court is Defendant's Motion to Dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the submissions of the parties, and for the reasons that follow, Defendant's motion is granted.

Mr. Malik brings the instant complaint under Title III of the Americans With Disabilities Act of 1990 ("ADA"), alleging that the Defendant organization did not properly accommodate his disability by denying him an extension of time and/or refund of his application fee to sit for a medical licensing examination. Mr. Malik seeks monetary damages in the amount of $20,000,000.00. Defendant seeks to dismiss this case because monetary relief is not available under the sections of the ADA on which Mr. Malik relies.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint "for failure to state a claim upon which relief can be granted." On a Rule 12(b)(6) motion, a court will, as it must, accept as true all of the factual allegations within the complaint and any reasonable inferences that may be drawn from those allegations. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Claims will be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The ADA is codified at 42 U.S.C. §§ 12101 et seq. Section 309, upon which Plaintiff relies, is contained in Title III, which prohibits discrimination in public accommodations. Section 309 is specifically codified at 42 U.S.C. § 12189, and requires that any person offering professional licensing examinations "shall offer such examinations . . . in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." The enforcement provision of that sub-chapter entitles a private litigant to the "remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964 (2000a-3(a)

. . . ." 42 U.S.C. § 12188(a).  According to 42 U.S.C. § 2000a-3(a), an aggrieved individual is entitled to "preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order . . . ."  There is no allowance for monetary relief.  *Bowers v. NCAA*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages"); *Jairath v. Dyer*, 154 F.3d 1280, 1284 n.7 (11th Cir. 1998); *Pona v. Cecil Whittaker's Inc.*, 155 F.3d 1034, 1038 (8th Cir. 1998).

Plaintiff counters in his opposition that he is entitled to monetary relief under "Sec.36.504 Relief."  Plaintiff appears to be citing to Title 28 of the Code of Federal Regulations ("CFR"), 28 C.F.R. §36.504(a).  However, 36.504(a) only applies to "a civil action under § 36.503 . . . .," and 36.503 is entitled "Suit by Attorney General."  Therefore, Plaintiff's argument is misguided in that 28 C.F.R. § 36.504 only applies to suits brought by the Attorney General, not private litigants.  The relief afforded to private litigants, on the other hand, is set forth in 28 C.F.R. § 36.501, which provides for equitable, and not monetary relief.

Defendant is correct that monetary damages are not available under the public accommodations provision of the ADA.  *Bowers*, 346 F.3d at 433.  Therefore, Mr. Malik has failed to state a claim upon which relief can be granted.  Accordingly, Defendant's motion to dismiss is GRANTED, and the Plaintiff's Complaint is hereby DISMISSED, without prejudice.

Plaintiff is hereby given twenty days from receipt of this Letter Order to file an amended complaint seeking appropriate remedies.  If Plaintiff fails to file an amended complaint in accordance with this Order, this Order shall be amended to dismiss the complaint, with prejudice, and the case will be closed.

IT IS SO ORDERED.

                                                      S/ JOEL A. PISANO, U.S.D.J.

cc:     All parties
        File